UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICIA PACE                                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:20-CV-487-DPJ-FKB

MADISON COUNTY, MISSISSIPI                                              DEFENDANT

ORDER

Defendant Madison County, Mississippi, seeks dismissal of Plaintiff Patricia Pace's

claims against it under Federal Rules of Civil Procedure 12(b)(5) and 4(m).  Mot. [7].  Because

Pace timely served Madison County within an extended period for service granted by the Court,

Madison County's motion is denied.

I.        Facts and Procedural History

Pace alleges that Madison County denied her necessary medical care while she was a

pretrial detainee at the Madison County Detention Center from July 29 to July 30, 2017.  She

first sued the County on November 26, 2019, under 42 U.S.C. § 1983 for alleged deprivations of

her constitutional rights.  *See Pace v. Madison Cnty.*, No. 3:19-CV-867-CWR-FKB, Compl. [1].

Pace never served Madison County in that case and instead voluntarily dismissed it on July 29,

2020—the day the three-year statute of limitations expired.  *See id.*, Notice [3].

Also on July 29, 2020, Pace filed this second lawsuit alleging § 1983 claims against

Madison County stemming from the 2017 alleged denial of medical care.  She then allowed the

October 27, 2020 deadline for service of process under Federal Rule of Civil Procedure 4(m) to

expire, and on January 4, 2021, United States Magistrate Judge F. Keith Ball entered an Order to

Show Cause directing Pace "to show cause to the Court in writing why this action should not be

dismissed for failure to prosecute" on or before February 1, 2021.  Order [3].

Pace timely responded and noted that her counsel made "multiple attempts to serve the County through a process server," all to no avail.  Resp. [4] at 1.  Pace therefore requested a 14-day extension for service of process.  *Id.* at 2.  On February 12, 2021, Judge Ball granted that request and gave Pace until March 1, 2021, to serve Madison County.  According to the docket, Pace met that deadline by serving Madison County on February 24, 2021.  *See* Returned Summons [6].  Madison County then moved to dismiss the Complaint for failure to timely effectuate service of process.  *See* Def.'s Mot. [7].

II.      Analysis

Federal Rule of Civil Procedure 4(m) provides the time limit for service of process and states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice of the plaintiff—must dismiss the action without prejudice against that defendant *or* order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).  Under the rule, "[e]ven if the plaintiff lacks good cause, the court has discretionary power to extend the time for service."  *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008).  As the advisory committee's note explains, "[a] discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action.'"  *Id.* (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment).

Judge Ball followed Rule 4(m) precisely:  he gave Pace notice of the Court's intent to dismiss the case if she didn't show good cause for the failure to timely serve Madison County.  Once Pace responded, Judge Ball concluded that she had not demonstrated "good cause for failure to serve [Madison County] during the 90-day time limit set forth in [Rule] 4(m)."  Order [5] at 2.  But because dismissal would likely result in Pace's claims being time-barred, he

2

exercised his discretion under Rule 4(m) and "grant[ed] Plaintiff's request for additional time to serve process." *Id.*  Pace then served Madison County within the allotted time.

Madison County nevertheless seeks dismissal for failure to serve process within the initial 90 days provided by Rule 4(m), arguing that an effective dismissal with prejudice would be appropriate under the test articulated in *Millan*.  There, the Fifth Circuit held that "[a] district court's dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan*, 546 F.3d at 326 (quotation marks and citations omitted).

Madison County claims that such a record exists in this case, but it fails to mention the rest of the test.  When a court dismisses a case without prejudice under Rule 4(m) but "the applicable statute of limitations likely bars future litigation," the dismissal acts as an effective dismissal with prejudice. *Millan*, 546 F.3d at 326.  And "where [the Fifth Circuit] has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors:  '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).  Madison County neither addressed nor factually established an aggravating factor.  So even with a more complete record than the one Judge Ball considered, extending the deadline was appropriate.

At bottom, Judge Ball had discretion to grant additional time even without good cause. *Havard v. F.M. Logistics, Inc.*, 252 F.R.D. 317, 318–19 (S.D. Miss. 2008) (Lee, J.).  He exercised that authority, and Madison County has not shown that he abused his discretion. Indeed, it has not moved to alter or amend that order.  Because Pace served Madison County within the extended period, there is no basis for dismissal under Rule 4(m). *See id.* (denying

motion to dismiss where plaintiff effectuated service of process during extended period granted by court after period provided by Rule 4(m) had expired).

III.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Madison County's Motion to Dismiss [7] is denied.

**SO ORDERED AND ADJUDGED** this the 19th day of April, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE